IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                              CRIMINAL NO. 1:99cr67WJG

JORGE HERNANDEZ-ROJAS
a/k/a CARLOS DIAZ-GONZALEZ

O R D E R

THIS CAUSE comes before the Court on the motion [26] of Defendant Jorge Hernandez-Rojas, a/k/a Carlos Diaz Gonzalez, to dismiss the warrant for arrest and revocation imposed against him in a detainer issued August 14, 2008. Diaz-Gonzalez was indicted on November 17, 1999, on a charge of a violation of reentry of a deported alien in violation of Title 8, United States Code, Section 1326(b)(2). (Ct. R., Doc. 3.) He was arraigned on the charge on November 19,1999, and entered a plea of not guilty. (Ct. R., Doc. 5.) He later entered a plea of guilty to the charge on February 7, 2000. (Ct. R., Doc. 13.) Diaz-Gonzalez was sentenced on May 3, 2000, to a period of incarceration of 74 months, and a period of supervised release of three years. (Ct. R., Doc. 18, pp. 1-3.) Defendant was instructed not to commit another federal, state or local crime as a part of the judgment. (*Id*., p. 3.) In addition, a special condition of supervision was imposed to require that the Defendant remain outside the boundaries of the United States during the term of supervision. (*Id*., p. 4.) He was delivered to UMPUCCA on September 21, 2000, to begin his sentence. (Ct. R., Doc. 22.) It is unclear when he was released from prison.

On September 5, 2005, Defendant was arrested by the United States Border Patrol attempting to illegally re-enter the United States and was charged in the Southern District of California under 8 U.S.C. § 1326, attempted re-entry after deportation. (Ct. R., Doc. 23, 24.) A court is required to include as an explicit condition of supervised release that the defendant not commit another Federal, State, or local crime during the term of supervised release. 18 U.S.C. § 3583(d). This condition was outlined in the judgment. In addition, the court may revoke a term of supervised release for a violation of a condition of supervised release before the expiration of the term of supervised release. 18 U.S.C. § 3583(I).

Diaz-Gonzalez's period of supervised release had not expired at the time the warrant was issued in conjunction with the violation of supervised release. Diaz-Gonzalez argues that the Court does not have jurisdiction to revoke his supervised release term; that supervised release could not be revoked without notice of the conditions of his supervised release; and that imposition of supervised release is not proper under 18 U.S.C. § 1326. (Ct. R., Doc. 25, p. 1.) The Court will address each contention separately.

A district court has jurisdiction to revoke a defendant's supervised release during the term of supervised release, or within a reasonable time after the term of supervised release has expired if a summons or warrant regarding a supervised release violation was issued prior to the expiration of the term of supervised release. 18 U.S.C. § 3583(I). The petition for revocation warrant indicates that supervision began on March 17, 2005. (Ct. R., Doc. 23.) A period of three years' supervised release was ordered in this case. Diaz-Gonzalez's period of supervised release was tolled during his imprisonment, as:

> [a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

18 U.S.C. § 3624(e). The period of supervised release does not run during imprisonment, without exception. The Court properly has jurisdiction to rule on the petition to revoke the period of supervised release. *United States v. Jackson*, 426 F.3d 301, 304-5 (5th Cir. 2005). The Court finds no merit in Defendant's motion regarding jurisdiction in this matter.

The Court further finds no merit in the argument that Diaz-Gonzalez was not informed of the conditions of his supervision, when the judgment in this case clearly indicates that he was to remain outside the boundaries of the United States and not to commit any Federal, State or local crime.

Finally, the argument that there is no mandate for the imposition of supervised release for the underlying crime lacks merit. *See* 8 U.S.C. § 1326. The Court, therefore, finds that the motion to dismiss the warrant for arrest should be denied. It is therefore,

ORDERED AND ADJUDGED that the Defendant's motion [26] to dismiss the warrant for his arrest be, and is hereby, denied.

SO ORDERED AND ADJUDGED this the 3rd day of March, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE